FUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
Case No.: _____

SABAD ROJAS-MORALES,

        Plaintiff,

v.

ASPEN SQUARE MANAGEMENT, INC.,

        Defendant.

## COMPLAINT

Plaintiff SABAD ROJAS-MORALES ("Plaintiff") sues defendant SQUARE MANAGEMENT, INC. ("Defendant") and alleges as follows:

## NATURE OF ACTION

1. This action arises out of Plaintiff's employment relationship with Defendant, including his discrimination and wrongful termination in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA").

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3) and (4) and 28 U.S.C. §2617.

3. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because Defendant has its principal place of business within the district, reside in the judicial district and because the employment records of Plaintiff are stored or have been administered, in Palm Beach County.

## PARTIES

4. At all times material, Plaintiff was a resident of Palm Beach County, Florida.

5. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

6. At all times material, Defendant is a foreign Corporation incorporated in the Commonwealth of Massachusetts, and authorized to transact business in the State of Florida and conducting business in Palm Beach County, Florida.

7. At all times material, Defendant was an "employer" as defined by 29 U.S.C.§ 2611(4).

8. At all times material, Defendant employed fifty (50) or more employees for the applicable statutory period and it is subject to the employment discrimination and retaliation provisions of the applicable statutes.

9. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

## GENERAL ALLEGATIONS

10. At all times material, Plaintiff was employed by Defendant as painter and maintenance technician from April 15, 2019 until his wrongful termination on July 6, 2020.

11. Plaintiff consistently worked Monday through Thursday, during his employment with Defendant.

12. Plaintiff performed his work admirably and was revered by his colleagues with whom he worked.



13. Plaintiff suffers from epilepsy and Defendant is aware of Plaintiff's medical condition.

14. On or about Thursday, June 25, 2020, around midday, Plaintiff began experiencing a numbing sensation on the right side of his face and body, symptomatic of an epileptic seizure.

15. Immediately, Plaintiff notified his supervisor about his symptoms.

16. In response, Plaintiff's supervisor sent him to the hospital.

17. Plaintiff did not report to work Friday, June 26, 2020 through Sunday, June 28, 2020, as those were his regular days off.

18. On or about Monday, June 29, 2020, Plaintiff visited his primary physician.

19. At all times, Plaintiff kept his supervisor informed of his visits to the hospital and to see his primary care physician. Plaintiff's immediate supervisor granted Plaintiff leave to attend his medical appointments.

20. Plaintiff's physician ordered Plaintiff to have three (3) days off from work to rest and recover from the seizure.

21. Plaintiff sent his doctor's note to Defendant and advised it that he would be returning to work on July 2, 2020, per his physician's instructions.

22. On or about Thursday, July 2, 2020, Plaintiff reported to work.

23. When Plaintiff arrived to work on or about Thursday, July 2, 2020, he found that his working tools were taken out of the car he utilized to do his job and someone else was doing his job.

24. Additionally, rather than allowing Plaintiff to work, Plaintiff's immediate supervisor told Plaintiff that he had to take a COVID test and bring the results to show that he was



cleared to start working. Plaintiff questioned his immediate supervisor about why he had to get tested for COVID when what he had was an epileptic seizure.

25. In response, Plaintiff's supervisor went into his office, spoke to his superiors and told Plaintiff that he did not have to take a COVID test, but that he needed to get a letter from his doctor saying that he was cleared to work without restrictions.

26. Plaintiff went back to his doctor on Friday, July 3, 2020 to get the letter that his immediate supervisor had requested.

27. Once Plaintiff obtained the physician's letter clearing him for work, he went back to Defendant, but could not deliver the letter because Defendant was closed in recognition of the Independence Day holiday.

28. Plaintiff sent a message to Defendant and notified it that he would start working the following Monday, July 6, 2020.

29. After Plaintiff returned to work with the note on July 6, 2020, Plaintiff was notified that his services were no longer required. Defendant wrongfully terminated Plaintiff.

30. At no moment, did Defendant notify Plaintiff of his eligibility to take FMLA leave.

**COUNT I: INTERFERENCE WITH FMLA RIGHTS – FAILURE TO NOTIFY**

31. Plaintiff repeats and re-alleges paragraphs 1 – 30 as if fully stated herein.

32. Plaintiff was an "eligible employee" and entitled to leave under the FMLA.

33. At all times material, Plaintiff gave proper notice to Defendant by informing Defendant of his health condition.

34. Plaintiff provided enough information for Defendant to know that his potential leave may be covered by FMLA.



35. Defendant was aware that Plaintiff was unable to work due to his medical condition.

36. At all times material hereto, Plaintiff communicated with Defendant regarding his medical condition.

37. Defendant had knowledge of Plaintiff's serious health condition and the reason for Plaintiff's absences and upcoming absence from work.

38. Despite its knowledge of Plaintiff's medical condition, Defendant failed to notify Plaintiff of his eligibility status and rights under the FMLA and failed to notify Plaintiff whether his leave was or could be designated as FMLA leave.

39. Instead of informing Plaintiff of his rights, Defendant terminated Plaintiff for no cause.

40. Defendant interfered with Plaintiff's rights to take leave under the FMLA and denied him the benefits to which he was entitled.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of FMLA;

B. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

C. Award Plaintiff liquidated damages based on Defendant's conduct;

D. Award Plaintiff prejudgment interest on his damages award;

E. Award Plaintiff reasonable costs and attorney's fees;

F. Award Plaintiff any further relief pursuant to the FMLA; and,

G. Grant Plaintiff such other and further relief as this court deems equitable and just.



## COUNT II: INTERFERENCE WITH FMLA RIGHTS: WRONGFUL TERMINATION

41. Plaintiff repeats and realleges paragraphs 1 – 30 as if fully stated herein.

42. Defendant terminated Plaintiff following his taking days off from work for health reasons, namely an epileptic seizure.

43. Plaintiff's epilepsy is a serious health condition that required continuing treatment by a health care provider and that rendered Plaintiff unable to perform the functions of the position Plaintiff held with Defendant.

44. Plaintiff was entitled to leave under the FMLA.

45. By terminating Plaintiff, Defendant interfered with Plaintiff's exercise of the rights provided by the FMLA and the benefits to which he was entitled under the FMLA.

46. Defendant denied Plaintiff the right to be reinstated to the position of employment that Plaintiff held when his leave commenced or to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

47. Defendant's denial to reinstate Plaintiff to the employment position he held before he took sick leave or to an equivalent position was not necessary to prevent substantial and grievous economic injury to the operations of Defendant.

48. Defendant did not notify Plaintiff of its intention of denying reinstatement to Plaintiff on the grounds that such denial was necessary to prevent substantial and grievous economic injury to the operations of Defendant.

49. As a direct and proximate result of these violations by Defendant and its interference with Plaintiff's rights under the FMLA, Plaintiff has been damaged in that he lost, inter alia, wages, other compensation, and benefits.



**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of FMLA;

B. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

C. Award Plaintiff liquidated damages based on Defendant's conduct;

D. Award Plaintiff prejudgment interest on his damages award;

E. Award Plaintiff reasonable costs and attorney's fees;

F. Award Plaintiff any further relief pursuant to the FMLA; and,

G. Grant Plaintiff such other and further relief as this court deems equitable and just.

## COUNT III: RETALIATION

50. Plaintiff repeats and realleges paragraphs 1 – 30 as if fully stated herein.

51. Defendant terminated Plaintiff after Plaintiff took days off from work for health reasons.

52. Defendant intentionally engaged in unlawful employment practices in violation of the FMLA, by retaliating against Plaintiff for having taken leave for a serious health condition.

53. Plaintiff's medical leave was a direct and proximate cause for his termination from employment with Defendant.

54. Plaintiff's medical leave qualified as leave under the FMLA.

55. As a direct and proximate result of the intentional violation by Defendant of Plaintiff's rights under the FMLA, by retaliating against him for having taken medical leave to take care of his serious health condition, Plaintiff has been damaged in that Plaintiff has lost, inter alia, wages, other compensation and benefits.



**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of FMLA;

B. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

C. Award Plaintiff liquidated damages based on Defendant's conduct;

D. Award Plaintiff prejudgment interest on his damages award;

E. Award Plaintiff reasonable costs and attorney's fees;

F. Award Plaintiff any further relief pursuant to the FMLA; and,

G. Grant Plaintiff such other and further relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: March 1, 2021.

Respectfully submitted,

By: Tanesha W. Blye
Tanesha W. Blye, Esq. Fla. Bar No.: 738158
Email: tblye@saenzanderson.com

Yadhira Ramírez-Toro, Esq.
Fla. Bar No.: 120506
E-mail: yramirez@saenzanderson.com

R. Martin Saenz, Esq.
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*

